LipscoMb, J.
This case is submitted on the briefs of the appellant and appellee. The errors relied on for reversing the judgment of the court below arise on two bills of exception to opinions of the court. On the trial, Tom, the plaintiff in the attachment, offered to prove that the negro man, Simon (named in the bill of sale from Thermond to Pierson, but not attached), was not in the possession of Thermond when the bill of sale was executed. The claimant’s counsel objected to the introduction of the testimony, as he was not levied on under the attachment, but the court overruled the objection, to which the counsel for the claimant excepted. We cannot perceive why such testimony should be admitted. It certainly, when presented in the abstract, was not proper testimony and was irrelevant. It would not give a right to or strengthen the claim of a creditor to those that had been attached, if-Pierson’s title to the other was free from any vice. Even if he had purchased one not in controversy, under circumstances calculated to excite suspicion as to that one, and that one not sought to be charged with the debt of the vendors, it would not have been proper evidence, because the fairness of the claimant’s purchase as to *(411) that slave had not been put in issue, and he could not have been called upon to-sustain his title to him, until it had been impeached. It is possible that the evidence may have been unobjectionable from the connection of other facts; but neither the statement of facts nor the exception furnishes any grounds for its sanction; and we believe, that as presented, it was improper testimony and ought to have been rejected. There was another exception taken to the refusal of the judge to give the charge requested by the claimant’s couusel, and to the charge given. The claimant’s counsel asked the court to instruct the jury that if Pierson was a purchaser for a valuable consideration and bona fide, although Thermond, the vendor, might have intended to defraud his creditors by the sale, yet Pierson, if no party to the fraud, could not be prejudiced nor his right affected by the fraudulent intent of Thermond. The court refused to give the instructions but charged that fraud on the part of Thermond, though Pierson was no party to it, vitiated the transaction and rendered the conveyance void, which was excepted to. "We consider the principle as well settled that the law protects and favors innocent purchasers fully as much as creditors. The reason is founded in good sense and the convenience of mankind; were it otherwise, the most innocent transaction would often be visited with the penalties of fraud. A man paying a full and valuable consideration for property might justly suppose that in the purchase, so far from diminishing the means of the vendor for paying his debts, that it would afford him a facility in doing so. It would be as repugnant to sound morality as it is to good policy to visit the innocent purcharer under such circumstances, with the secret fraudulent intention of his vendor. Such is neither the rule of law nor of morals. This plain principle of law could be well sustained by numerous adjudicated cases, but it is too well established to render it profitable to go into an enumeration of them. There are some interesting principles involved in other points presented by the appellant’s brief, and certainly merit due consideration; but we are too much pressed with other paramount duties to permit our going into an investigation of points not absolutely necessary to a disposition of the case.
Because, therefore, the court erred in the admission of the testimony objected to by the counsel for the appellant in the court below, and because the court also erred in refusing to give the charge prayed by the said counsel, and afterwards in the charge given — the judgment is reversed and the cause remanded for a new trial, in conformity with the opinion now given.